PEOPLE *v.* OWENS.

1. CRIMINAL LAW—LARCENY IN A BUILDING—EVIDENCE.
   Verdict of guilty in prosecution for larceny in a building *held,*
   supported by ample proof as to elements of the alleged crime
   and identity of the alleged defendant and sufficient to permit
   jury to find defendant guilty beyond a reasonable doubt of
   the crime charged (CL 1948, § 750.360).

2. NEW TRIAL—GROUNDS—CIRCUMSTANTIAL EVIDENCE.
   More opportunity to refute circumstantial evidence is not ground
   for granting new trial.

3. SAME—DISCRETION OF COURT.
   The granting of a new trial is within the discretion of the
   trial judge.

4. SAME—DISCRETION OF COURT—LARCENY IN A BUILDING.
   It was not an abuse of discretion on the part of the trial judge
   in a prosecution for larceny in a building to deny defendant's
   motion for a new trial in order to afford him more opportunity
   to refute the circumstantial evidence upon which he had been
   convicted (CL 1948, § 750.360).

5. ARREST—POLICEMAN—WITHOUT WARRANT.
   A policeman may arrest without a warrant when he has reason-
   able cause to believe that a felony has been committed and
   that the person to be arrested has committed it, irrespective
   of whether he had had sufficient time to obtain a warrant
   (CL 1948, § 764.15).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary § 44 *et seq.*
[2] 39 Am Jur, New Trial § 167.
[3, 4] 39 Am Jur, New Trial § 13.
[5] 5 Am Jur 2d, Arrest §§ 44-49.
[6] 20 Am Jur, Evidence § 160.
[7-9] 21 Am Jur 2d, Criminal Law § 136.
   20 Am Jur, Evidence § 154.

6. CRIMINAL LAW—PRESUMPTION OF ALIBI—EVIDENCE—REBUTTAL.
   Prosecution is allowed to rebut any presumption of alibi by proof.

7. SAME—ALIBI—PROOF TO REBUT.
   Evidence of time required to drive from place of business of alibi witness to scene of crime is admissible to show that accused, even if at such place of business, had ample time to arrive at scene of crime in time to commit crime.

8. SAME—PRESENCE OF DEFENDANT AT CRIME—BURDEN OF PROOF.
   Prosecution has burden of proof that defendant was at scene of crime at time of its commission, and has right to present proofs to carry that burden.

9. SAME—BURDEN OF PROOF—DEFENDANT.
   Defendant does not have burden of proof to show that he was not at scene of crime when it was committed.

Appeal from Recorder's Court; O'Hara (John P.), J. Submitted Division 1 April 5, 1966, at Lansing. (Docket No. 108.) Decided July 12, 1966.

Richard Franklin Owens was convicted of larceny in a building. Defendant appeals from denial of his motion for new trial. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Samuel H. Olsen,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant Prosecuting Attorney, for the people.

*Edward L. Douglas,* for defendant.

LESINSKI, C. J. Richard Franklin Owens was found guilty by jury in the recorder's court, Detroit, Michigan, of the crime of larceny in a building, in violation of CL 1948, § 750.360 (Stat Ann 1954 Rev § 28.592). Defendant's motion for new trial was denied and he appeals.

At approximately 3:10 in the afternoon of November 19, 1963, complainant Edward Trout was a customer at the White Tower restaurant on Gratiot avenue in the city of Detroit while on his way from the bank. While having a cup of coffee he laid a white envelope containing $80.71 on the counter within 12″ of the cup from which he was drinking. As Trout sat at the counter, someone came up and snatched the envelope, at which time a roll of quarters fell from the envelope and spilled upon the floor. The person who took the envelope ran out of the door. Trout, upon realization of what happened, started after the man whom he described as colored, about 5′ 7″, 8″ or 10″ in height. Trout followed him for a block and a half, about 100 yards behind. The man turned into an alley and disappeared. Trout saw a man working at a truck in the alley and asked him if he saw a fellow run through there. The man said he saw a fellow run through with a white envelope in his hand and got into a car which took off "like a hundred miles an hour." Mr. Trout could not identify the man who took the envelope.

The man working on the truck, a Mr. King, testified that at about 3 p.m. on the day in question, a green-looking 1955 Mercury with a white top parked about 15′ in front of his truck in the alley. He identified the occupants of the car as the defendant and James Frederick Floyd. (See *People* v. *Floyd* [1966], 2 Mich App 168.) He testified that Owens left the car. Although he did not know where Owens went, Mr. King testified that he saw Owens return, running, with a white envelope in his hand. Mr. King further testified he marked the license number of the car, FX 6114, on the cab of his truck because of the suspicious behavior of the men. The police were called and the information was given to them. Mr. King, at the police showup

and during trial, picked out the defendant and Floyd.

The police officer who took the information from Mr. King in the alley broadcast the information on the police radio. John Chaperon, a Detroit police officer, testified that at 6 p.m. on November 19, 1963, he and his partner were advised that a cruiser crew had located a car bearing license number FX 6114 and wanted to be relieved from surveillance. Upon Chaperon's arrival at the point near where the car was parked, it was pointed out to him. At about 8:10 p.m., two men, later identified as Owens and Floyd, came from a house known as 2670 Gladstone avenue, crossed the street, and got into the car, whereupon they were arrested. When asked about the ownership of the car, one of the men said it belonged to a Dennis Kiefer. The car was in fact owned by Owens who later explained he loaned it to Kiefer at about 6 p.m. He also told Detective Street of the Detroit police department that he (Owens) could not have used the car at 3 p.m. as it would not run.

Neither defendant nor Floyd took the stand at the trial. The defense of alibi was offered on behalf of defendant Owens. Notice of two alibi witnesses was given on behalf of Owens; only one testified. This witness first testified he did not know Owens and did not recognize him in court, although later in the witness' testimony it appears he might have known Owens as the man who came into his office to make a car payment. The time sequence of events as testified to by the alibi witness would still have allowed the defendant sufficient time to have arrived at the scene of the crime when it was purported to have occurred.

The motion for new trial, which was denied, was made on the basis that the verdict was against the great weight of evidence. On appeal, the defendant

alleges a lack of sufficient evidence upon which to convict the defendant. As Judge WATTS said in the appeal of the codefendant in *People* v. *Floyd, supra,* at 170:

"The competent, conflicting testimony in the instant case presents clear questions of fact for the jury relating to the elements of the alleged crime and the identity of the alleged defendant. The jury verdict is supported by ample proof. This Court will not disturb the verdict unless evidence fails to support the finding of fact by the jury. *People* v. *Loudenslager* (1950), 327 Mich 718; *People* v. *Petrosky* (1938), 286 Mich 397; *People* v. *Schram* (1965), 1 Mich App 279."

Defendant on appeal assigns as error the failure of the trial court to grant the motion for new trial in order to allow defendant more opportunity to refute the circumstantial evidence upon which he was convicted. This position is so without merit that it is dismissed without comment. In any event, the granting of a new trial is within the discretion of the trial judge, and we find no abuse of that discretion herein. See *People* v. *Andrews* (1960), 360 Mich 572.

It is also claimed that the arrest of the defendant was illegal in that he was arrested without warrant when the police had sufficient time within which to obtain a warrant. The record made in this case reveals a very competent performance of police work by the Detroit police department. It shows that the arresting officers knew a felony had been committed and had reasonable cause to believe the defendant committed it. The question is one of compliance with the statute governing arrest without warrant. See CL 1948, § 764.15 (Stat Ann 1954 Rev § 28.874). An arrest under circumstances such as are found in this case is not a denial of due

process. See *People* v. *Ormsby* (1945), 310 Mich 291, 296, 297; *People* v. *Licavoli* (1928), 245 Mich 202, 203.

The remaining issue raised on this appeal is whether testimony, of how long it took a police officer to drive between the place of business of the alibi witness and the scene of the crime, was so prejudicial as to constitute reversible error. The appellant cites no authority that would support this allegation of error. And, certainly the prosecution is allowed to rebut any presumption of alibi by proof. This they did by showing through Detective Street's redirect testimony that even if Owens and Floyd were at the alibi witness' place of business at the time he stated, they still had ample time to arrive at the scene of the crime at the time of its perpetration. In fact, to exclude this evidence would be to deny the prosecution its right to carry the burden of showing that defendant was at the scene of the crime at the time of its commission. It is not the burden of the defendant to prove that he was not at the scene of the crime when it was committed. See *Sullivan* v. *People* (1875), 31 Mich 1; and *Stuart* v. *People* (1879), 42 Mich 255.

Affirmed.

T. G. KAVANAGH and QUINN, JJ., concurred.