PEOPLE v. ROBERT ROBINSON

1. Criminal Law—Witnesses—Res Gestae Witness—Indorsement
—Production—Appeal and Error.

   Prosecution's failure to indorse a *res gestae* witness, as required
   by statute, and to produce him at trial cannot be complained
   of by the defendant for the first time on appeal where the
   defendant was aware, as early as the preliminary examination,
   of the existence of the witness but neither moved for his in-
   dorsement nor objected at trial to the prosecution's failure to
   produce the witness (MCLA § 767.40).

2. Criminal Law—Witnesses—Res Gestae Witness—Nonproduc-
   tion—Instruction to Jury—Requirement.

   The essential point in an instruction to the jury on the failure
   of the *res gestae* witness to testify is that the jury is entitled
   to infer from such failure that if the witness had been produced,
   his testimony would have been unfavorable to the people's case;
   where the trial court covered this permissible inference fully in
   its instructions to the jury it was not error not to instruct
   that the jury should evaluate the reasonableness of the prose-
   cutor's efforts to obtain the missing witness and the reasons
   why the witness was not indorsed and called.

Appeal from Livingston, Paul R. Mahinske, J.
Submitted Division 2 December 11, 1970, at Lansing.
(Docket No. 8852.) Decided January 22, 1971.

Robert Ellsworth Robinson was convicted of
attempted breaking and entering with intent to
commit larceny. Defendant appeals. Affirmed.

References for Points in Headnotes

[1, 2] 29 Am Jur 2d, Evidence § 611.
[2] 29 Am Jur 2d, Evidence §§ 180–183.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas Kizer, Jr.,* Prosecuting Attorney, for the people.

*Joseph C. Cox,* for defendant on appeal.

Before: McGregor, P. J., and T. M. Burns and Andrews,* JJ.

T. M. Burns, J.   Defendant appeals from his conviction by a jury of attempted breaking and entering with intent to commit larceny, MCLA § 750.110 (Stat Ann 1970 Cum Supp § 28.305).

In the early morning hours of March 27, 1969, two men, Joseph Rawksi and Dick Todd, were doing janitorial work in the Brighton Bowl & Bar when the burglar alarm sounded.   Upon investigation, Rawksi heard a banging on the establishment's rear doors and Todd summoned the police by telephone. Officer Clarence Siegel of the Brighton Police arrived at the scene to find the defendant and George Pepper attempting to force open the doors of the bar with a prying style instrument.

Trial was held in Livingston County on November 13, 1969, and the jury found defendant guilty as charged.   On December 16, 1969, defendant was sentenced to a term of three to five years in the state prison.   He filed a claim of appeal in this Court on January 20, 1970.

Defendant first claims that the trial court erred in failing to order the indorsement and production of Dick Todd, a *res gestae* witness.   The court became aware of the missing *res gestae* witness during the following examination of Rawksi by the prosecution:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"[*Prosecutor*] : Who called the cops?
"[*Rawksi*] : Todd.

\* \* \*

"*The Court:* He testified this other man called. Why isn't he indorsed as a *res gestae* witness?

"*Mr. Kizer:* Your Honor, we could make him available; it's an oversight.

"*The Court:* All right, we'll get into that later."

The characterization of Dick Todd as a *res gestae* witness resulted from the testimony of his co-worker, Joseph Rawksi, which indicates that both were present in the building when the alarm went off and that while Rawksi went to shut off the alarm, Todd telephoned the police. Defendant consequently claims that it was the prosecutor's duty to indorse Todd on the information and the failure to do so is error. Defendant relies on MCLA § 767.40 (Stat Ann 1970 Cum Supp § 28.980), which provides in part:

"All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by the prosecuting attorney of the county as informant; *he shall indorse thereon the names of the witnesses known to him at the time of filing the same.*" (Emphasis supplied.)

Defendant, although aware of Dick Todd's possible testimony as early as the preliminary examination, did not move for his indorsement nor object to the failure to produce him at trial. The question of whether a defendant may object to the non-production of a *res gestae* witness for the first time on appeal was presented to this court in *People* v. *Rasmus* (1967), 8 Mich App 239, 243, 244, where we stated:

"The prosecutor having failed to comply with the statutory requirement, can a defendant and his counsel who were both made aware of the existence of such a witness as early as the preliminary examination, who heard at trial further verification of the presence of the witness, and who, nevertheless, with that knowledge, failed to move to indorse such a witness or to demand the production of the witness at trial now complain? The answer is no.

\* \* \*

"[I]t is too late to complain about the failure of the prosecutor to indorse a witness when the complaint is first made on appeal or on motion for a new trial in a situation where the witness was known at the trial and no motion to indorse or produce was made. For all the record shows, defendant's trial counsel may have been overjoyed that the witness was neither indorsed nor presented and deliberately failed to raise the question. This is all the more true here where there is no claim that the prosecutor sought intentionally to conceal the existence of the witness and where the record shows as early as the preliminary examination that the existence and the information within the knowledge of the witness were made known to both the appellant and his trial counsel."

We therefore hold, following *Rasmus,* that it is too late for the defendant to complain about the non-production of the *res gestae* witness.

Defendant also asserts that the following instruction by the trial court was erroneous:

"[W]e have a situation where there was a *res gestae* witness or witnesses, or a witness who was at the scene when certain acts are alleged to have happened, and that witness was not brought into court by the prosecutor to either testify or offer cross-examination testimony to the defendant. If the people fail to produce either wilfully, or through

neglect any eyewitness, you may presume that the testimony of such eyewitness would be against the people, and that the people failed to produce them or him or her because their testimony would be favorable to the defendant. Now, this is an inference that is strictly within your discretion. You can apply this inference or not apply this inference, as you see fit. You can totally disregard the fact that this witness was not called, if you see fit; or you can place some weight either in a positive or negative manner on the failure of the people to produce that witness."

It is the defendant's position that the instruction was not sufficient in that the jury should have been instructed to evaluate the reasonableness of the prosecutor's efforts to secure the missing witness and the reasons why he was not indorsed and called.

The essential point in an instruction on the failure of a *res gestae* witness to testify is that the jury is entitled to infer from such failure that if such a witness were produced, his testimony would be unfavorable to the people's case.[1] The instruction of the trial court in the instant case fully covered this point and was not, therefore, erroneous.

Affirmed.

All concurred.

---

[1] See the instruction approved by the Supreme Court in *People* v. *Gibson* (1931), 253 Mich 476, 478.