PEOPLE *v*. WILLIE LEE LEWIS

1. CRIMINAL LAW—EFFECTIVE COUNSEL—CONSTITUTIONAL ISSUES—
   TIMELY MOTIONS.

   Defendant's contention that his trial counsel was ineffective
   because counsel failed to timely raise a viable search and
   seizure issue was without merit where, by trial counsel's own
   explanation, the events which would have indicated a sub-
   stantial search and seizure problem had not been related to
   him until after a timely motion could have been made.

2. CRIMINAL LAW—WARNING OF RIGHTS CASES—APPEAL AND ERROR
   —MANIFEST INJUSTICE.

   Admission into defendant's trial, held before a United States
   Supreme Court's decision that an accused must be warned of
   his constitutional rights when taken into custody, of defend-
   ant's statements did not constitute a manifest injustice where
   the statements were exculpatory, the statements were cor-
   roborated by the defendant's own testimony at trial, and where
   no objection was raised in the trial court to the admission
   of the statements.

3. CRIMINAL LAW—EVIDENCE—ORDER OF PROOF—CORPUS DELICTI—
   DEFENDANT'S GUILT—CIRCUMSTANTIAL EVIDENCE.

   Introducing a defendant's statements into evidence before in-
   troducing proof of the *corpus delicti* is not necessarily error
   in a case based on circumstantial evidence because the proof

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 315.
[2] 53 Am Jur, Trial § 135.
    21 Am Jur 2d, Criminal Law §§ 313, 314, 316, 317.
    29 Am Jur 2d, Evidence §§ 611–614.
[3] 53 Am Jur, Trial §§ 128, 131.
[4] 39 Am Jur, New Trial § 159.
[5] 39 Am Jur, New Trial § 54.
    53 Am Jur, Trial §§ 463, 480.
[6] 44 Am Jur, Rape §§ 66, 74, 101, 102.

of the *corpus delicti* and of the defendant's guilt may be so interwoven as to dictate a chronological presentation for the jury's understanding.

4. CRIMINAL LAW—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

Refusal to grant a new trial on the basis of newly-discovered evidence, an affidavit from a fellow inmate of the defendant stating that the testimony of one of the witnesses was a fabrication, was not an abuse of discretion where the sworn statement contained an admission that the defendant was well aware of the affiant's information before trial.

5. CRIMINAL LAW—PROSECUTOR'S COMMENT—RES GESTAE WITNESS— UNAVAILABLE WITNESS.

Prosecution's reference during defendant's trial to a *res gestae* witness who was unavailable at the trial was improper, but not prejudicial, where the record shows that any prejudicial effect was abrogated by testimony establishing that both the defendant and the missing witness had denied being with each other the night of the crime charged.

6. RAPE — EVIDENCE — ADMISSIBILITY — OCCURRENCE OF CRIME — PROBATIVE VALUE.

Scientific evidence pointing strongly to the complainant's being raped but which was less convincing in implicating the defendant, accused of the rape, was admissible because it shed some light on the material issues of the case.

Appeal from Ingham, Louis E. Coash, J. Submitted Division 2 December 14, 1970, at Lansing. (Docket No. 8094.) Decided March 22, 1971.

Willie Lee Lewis was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*W. Charles Kingsley,* for defendant on appeal.

Before: Bronson, P. J., and R. B. Burns and Hoff,* JJ.

R. B. Burns, J. On November 8, 1962, the defendant was convicted of first-degree murder. MCLA § 750.316 (Stat Ann 1954 Rev § 28.548). The evidence leading to defendant's arrest and conviction was partly fortuitous and partly a result of diligent police work. Approximately two weeks after the rape and murder of Mrs. Lucy Norris the defendant was picked up on a charge of breaking and entering. Subsequent police investigations into that charge linked defendant with the Norris murder. Items seized from defendant's dwelling were scientifically connected to the Norris murder and eventually played a role in the defendant's conviction.

Defendant now appeals, claiming seven errors. Prefatory remarks in defendant's brief on appeal suggest defendant's deprivation of effective counsel at trial level. The most serious allegation raised against trial counsel was that he had failed to timely raise a viable search and seizure issue. Defendant cannot expect counsel to fabricate events in order to stress an issue. *People* v. *Crawford* (1969), 16 Mich App 92. By trial counsel's own explanation it was made clear that events which would indicate a substantial search and seizure problem had not been related to him until after a timely motion could have been made. Reviewing the entire record we cannot say trial counsel's representation "was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." *Williams* v. *Beto* (CA5, 1965), 354 F2d 698, 704. Followed in *People* v. *Degraffenreid* (1969), 19 Mich App 702, 710.

* Circuit judge, sitting on the Court of Appeals by assignment.

In defendant's first formal claim of error he asserts infringement of his constitutional right against self-incrimination. Since this case is pre-*Miranda*[1] no question of constitutional warnings arises. The question of whether defendant's statements were voluntary in the traditional sense[2] was never ruled upon at trial level. Defendant never objected to introduction of these statements and raises this error for the first time on appeal.

In the absence of manifest injustice this Court must conclude that "either there was no issue of involuntariness or that such issue was waived as a matter of trial strategy". *People* v. *Farmer* (1968), 380 Mich 198, 204. This Court, after carefully reviewing the trial records, finds no manifest injustice. The statements in question were not only exculpatory[3] but were corroborated by the defendant's own testimony during trial. Defendant's argument that the statements were introduced before proof of the *corpus delicti* and that this constituted error is also raised for the first time on appeal. In a case such as this, based on circumstantial evidence, proof of the *corpus delicti* and defendant's guilt may be so interwoven as to dictate a chronological presentation for the understanding of the jury. *People* v. *Hawksley* (1890), 82 Mich 71.

Defendant next claims that his premises were searched and certain items seized in violation of his constitutional right against unreasonable searches

[1] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974). The *Miranda* rules do not apply retroactively. *Johnson* v. *New Jersey* (1966), 384 US 719 (86 S Ct 1772, 16 L Ed 2d 882) ; *People* v. *Fordyce* (1966), 378 Mich 208.

[2] The pre-*Miranda* law on voluntariness may be found in *Clewis* v. *Texas* (1967), 386 US 707 (87 S Ct 1338, 18 L Ed 2d 423).

[3] We realize that the privilege against self-incrimination does not depend on whether or not statements are exculpatory (*People* v. *Besonen* [1966], 4 Mich App 131) but we think it bears on the question of voluntariness.

and seizures.[4]  A search of defendant's premises occurred on two different occasions.  Only the second search is relevant to defendant's issue since the items introduced into trial by the prosecution were products of the second search.  The search was without a warrant but the police contend they obtained defendant's consent.  The trial court judge ruled against defendant on the basis that his motion to suppress was not timely.  Reviewing the trial court record we find that the motion was untimely.  Yet, regardless of defendant's tardiness the trial judge conducted a hearing on the legality of the search and seizure.  At the hearing defendant's testimony denying consent for the first search indicates that he may have given consent to the second search.  This testimony does not, of course, measure up to "unequivocal and specific" proof of consent as required by *People* v. *Kaigler* (1962), 368 Mich 281, 294.  But this factor combined with the testimony of two police officers to the effect that defendant's unequivocal and full consent was obtained convinces this Court that defendant's constitutional right was not violated.

Defendant next claims a right to a new trial based on newly-discovered evidence.  Mr. Warren, a fellow inmate of defendant at Jackson Prison before trial, issued a sworn statement alleging that the trial testimony of one Mr. Fisk was a complete fabrication.  However, this sworn statement also admits that defendant was well aware of Warren's information prior to trial.  This information cannot be classified as newly discovered.  See *People* v. *McAllister* (1969), 16 Mich App 217.  The trial court's refusal to grant a new trial on this basis was not an abuse of discretion.  *People* v. *Thomas* (1969), 17 Mich App 740.

---

[4] US Const, Am 4.

A Louis Carter was indorsed on the information as a *res gestae* witness. Aware that Carter was unavailable as a witness, the prosecution still referred to him several times during trial. Defendant claims this was prejudicial. Upon review of the trial record it is clear that any prejudicial effect was abrogated by testimony establishing that both defendant and Carter denied being with each other the night of the crime. Although improper, the prosecutor's remarks were rendered harmless and resulted in no prejudice to the accused. See *People v. Hider* (1968), 12 Mich App 526.

Defendant's fifth claim of error concerns the sufficiency of certain scientific evidence linking the defendant to the crime. Much of the scientific evidence was used to establish the commission of rape upon the victim.[5] A necessary and vital element of the scientific evidence pointed strongly to the occurrence of rape but was less convincing in implicating the defendant. The scientific evidence along with other circumstantial evidence shed some light upon material issues of the case and was, therefore, probative. It is for the jury to determine the weight of such evidence. *People v. Rogers* (1968), 14 Mich App 207.

Defendant's next claim of error concerns his counsel's failure to assert a motion to sequester witnesses at trial level pursuant to MCLA § 600-.1420 (Stat Ann 1962 Rev § 27A.1420). We conclude the lack of a motion did not result in such prejudice that if the motion had been made and granted the jury would have reached a different conclusion.

Defendant lastly claims error when the prosecution was permitted to cross-examine defendant re-

---

[5] In this case proof of rape was a necessary element for conviction of first-degree murder. See MCLA § 750.316 (Stat Ann 1954 Rev § 28.548) for the felony murder rule.

garding details of a 1955 robbery conviction. The court sustained defense counsel's objections at that time. This Court cannot agree with defendant's assertion that prejudicial error resulted. The matter presented before the jury at that time was not so prejudicial that the jury was improperly influenced. *People* v. *Morehouse* (1950), 328 Mich 689.

Affirmed.

All concurred.