## PEOPLE *v.* STEPHEN

1. CRIMINAL LAW—LESSER INCLUDED OFFENSES—INSTRUCTIONS TO JURY.

Failure to instruct on the lesser included offenses was not error where there was no evidence to support a lesser included offense, there was no request for an instruction, and where the defense was alibi.

2. CRIMINAL LAW—WITNESSES—RES GESTAE WITNESS—PRODUCTION OF WITNESS—DUE DILIGENCE.

The prosecution's due diligence in attempting to locate an indorsed *res gestae* witness, who was not produced at trial, need not be submitted to the jury.

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 286, 796–802.
[2] 53 Am Jur, Trial §§ 588, 695–698.
[3] 41 Am Jur 2d, Indictments and Informations §§ 56, 60.

3. CRIMINAL LAW—WITNESSES—NOTICE OF ALIBI—NONINDORSEMENT
   OF WITNESS.
   Precluding a defense witness who is not indorsed on the defend-
   ant's notice of alibi from testifying is not error (MCLA § 768-
   .20).

Appeal from Recorder's Court of Detroit, Joseph
E. Maher, J. Submitted Division 1 March 3, 1971,
at Detroit. (Docket No. 8957.) Decided March 24,
1971. Leave to appeal denied May 25, 1971, 384
Mich 843.

David C. Stephen was convicted of first-degree
murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Angelo A. Pento-
lino,* Assistant Prosecuting Attorney, for the
people.

*Sol Plafkin,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and QUINN and
O'HARA,* JJ.

QUINN, J. December 18, 1969, a jury found de-
fendant guilty of murder in the first degree, MCLA
§ 750.316 (Stat Ann 1954 Rev § 28.548). The vic-
tim was killed during an armed robbery. Defendant
was sentenced; he did not move for new trial, and
he appeals.

Defendant raises 14 issues on appeal. We note
these issues and dispose of them as follows:

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

1. Defendant's claim that he was denied a fair trial because of alleged systematic exclusion of blacks and others from jury service is in effect a challenge to the array. It is raised for the first time on appeal. This is too late, *People* v. *McCrea* (1942), 303 Mich 213, 278.

2. The record does not support a finding that defendant's trial counsel was ineffective to the extent that defendant was denied a fair trial or was denied his constitutional right to counsel. See *People* v. *Degraffenreid* (1969), 19 Mich App 702.

3. Defendant made five objections during the prosecuting attorney's closing argument all of which were sustained by the trial court. If further error occurred during that argument, it was not saved for review because of lack of objection. *People* v. *Panknin* (1966), 4 Mich App 19.

4. It was not error for the trial judge not to instruct on lesser included offenses absent request therefor. *People* v. *Clouse* (1969), 18 Mich App 582. There was no evidence to support a lesser included offense. *People* v. *Sweet* (1970), 25 Mich App 95. Additionally, the defense was alibi. See *People* v. *Camak* (1967), 5 Mich App 655, 663.

5. It was not error to deny defendant's post conviction motion for psychiatric examination. *People* v. *Russell* (1970), 27 Mich App 654.

6. The record supports the finding of the trial court that the people exercised due diligence in their attempt to locate an indorsed *res gestae* witness and the non-production of this witness was not error.

7. This due diligence need not be submitted to the jury. *People* v. *Kern* (1967), 6 Mich App 406.

8. Witnesses Barbara Beck and Albert White were not *res gestae* witnesses and there was no error in failing to require their indorsement as

such; nor was it error for the prosecuting attorney not to call them as witnesses.

9. The instruction relative to witness Beck was necessary because of defendant's reference to her in closing argument.

10. At trial, defendant made no claim of unfair lineup procedure. The issue of the people's failure to produce as a witness defendant's lineup counsel is not before us. *People* v. *Rowls* (1970), 28 Mich App 190.

11. It was not error to preclude a defense witness, not indorsed on the notice of alibi, from testifying. MCLA § 768.20 (Stat Ann 1954 Rev § 28.1043); *People* v. *George Johnson* (1966), 5 Mich App 257.

12. The instruction on alibi, read in its entirety, was correct and it was not objected to at trial. No error is presented. GCR 1963, 516.2.

13. There is ample evidence in the record, if believed by the jury, to support a finding of guilt beyond a reasonable doubt.

14. Finally, defendant asks, "Does the failure of trial counsel to object to the violation of basic constitutional guarantees preclude the defendant from raising those issues on appeal where the denial would lead to a 'miscarriage of justice'?"

Defendant's negative answer to this question is based on two false premises. The record does not support his claims of "unfair trial" and "miscarriage of justice".

Affirmed.

All concurred.