PEOPLE v ERB

1. CRIMINAL LAW—WITNESSES—SEQUESTRATION—PREJUDICE.

Denial of a motion to sequester witnesses must result from a seasoned and not arbitrary decision but even if it did not, the defendant must show on appeal that the denial prejudicially harmed his case in order to pass from harmless error to prejudicial error.

2. INDICTMENT AND INFORMATION—WITNESSES—INDORSEMENT—PROSECUTOR'S DUTY—PRESERVING QUESTION.

A prosecutor has an affirmative duty to indorse on the information the names of the witnesses known to him at the time of filing the information and names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine, but even where the prosecutor has failed to comply, reversal is not always mandated; this is true especially where counsel fails to preserve the issue through an objection or a motion (MCLA 767.40).

3. CRIMINAL LAW—DEFENSES—ALIBI—EVIDENCE—INSTRUCTIONS TO JURY.

Once an alibi defense is properly noticed and evidence produced

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 234.

58 Am Jur, Witnesses § 866.

[2] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

41 Am Jur 2d, Indictments and Informations §§ 56, 60.

[3, 5, 6] 53 Am Jur, Trial § 656.

Instructions disparaging defense of alibi. 146 ALR 1377.

[4, 6] 21 Am Jur 2d, Criminal Law §§ 136, 137.

29 Am Jur 2d, Evidence § 157.

[4, 6] Burden and degree of proof as to alibi. 124 ALR 471.

[7, 8] 53 Am Jur, Trial § 464.

58 Am Jur, Witnesses § 866.

Statements, comments, or conduct of court or counsel regarding perjury, as ground for new trial or reversal in civil action or criminal prosecution other than for perjury. 127 ALR 1385.

[9] 53 Am Jur, Trial § 499.

to establish it, the court has an affirmative duty to give an adequate instruction explaining the defense and failure so to instruct requires reversal.

4. CRIMINAL LAW—DEFENSES—ALIBI—BURDEN OF PROOF.

The burden of proving the defense of alibi is not upon the defendant; it is the duty of the prosecution to show beyond a reasonable doubt that the defendant did commit the crime and that, therefore, the defendant was at the scene of the crime at the time it was committed.

5. CRIMINAL LAW—DEFENSES—ALIBI—INSTRUCTIONS TO JURY.

An instruction to the jury concerning the defense of alibi must clearly explain that this defense offers two avenues of relief for the defendant; first, if the alibi is established, a perfect defense has been shown and the defendant should accordingly be acquitted; alternatively, that if any reasonable doubt exists as to the presence of the defendant at the scene of the crime then, also, the defendant should be acquitted.

6. CRIMINAL LAW—DEFENSES—ALIBI—INSTRUCTIONS TO JURY—BURDEN OF PROOF.

Instructions to a jury concerning the defense of alibi in which the trial judge used the phrase "if proven" when he stated that an alibi "defense is a proper one, and is as legitimate, *if proven,* as any other defense" were unfortunate in that the jury could erroneously receive the impression that the defendant had the burden of proof but did not require reversal where, viewed in their totality, the instructions given did not erroneously inform the jury, nor shift the burden of proof to the defendant.

7. CRIMINAL LAW—WITNESSES—CREDIBILITY—ARGUMENT OF COUNSEL —PROSECUTOR'S REMARKS.

Vouching for the credibility of a witness by a prosecutor in his rebuttal closing argument where he stated he would never call a witness in behalf of the people if he thought the witness would give false testimony, it was his duty to present the truth and he expected his witnesses to present the truth, and his witness's testimony was that there is no question that the defendant is the man may be regarded as unsworn testimony and is impermissible.

8. CRIMINAL LAW—WITNESSES—CREDIBILITY—ARGUMENT OF COUNSEL —PROSECUTOR'S REMARKS.

Statements made by a prosecutor which attest to or vouch for the credibility of certain witnesses are very cautiously reviewed; to be considered is the prominence of the office which the prosecu-

tor holds and the subsequent weight of statements made by the prosecuting attorney, because to hold otherwise would be to ignore the impact of such statements upon a jury which is heavily influenced by prosecutorial comments; when such comments relate to the credibility of a witness, which is the exclusive province of the jury, prejudice to the defendant readily follows.

9. Criminal Law—Argument of Counsel—Prosecutor's Remarks.

A prosecutor is free to argue that the evidence shows that the defendant is guilty and he has not only the right but the duty vigorously to argue the people's case but he cannot attempt to vouch for the defendant's guilt by placing the prestige of his office, or that of the police, behind a contention that the defendant is guilty.

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 June 20, 1973, at Lansing. (Docket No. 15885.) Decided July 26, 1973.

Carl W. Erb was convicted of attempted armed robbery. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Richard S. McMillin,* Assistant State Appellate Defender, for defendant.

Before: T. M. Burns, P. J., and McGregor and Van Valkenburg,* JJ.

McGregor, J. Defendant was found guilty by a jury of attempted armed robbery. MCLA 750.92; MSA 28.287, MCLA 750.529; MSA 28.797. He appeals as of right.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The alleged offense occurred in a party store owned by one Smith. Defendant arrived in a taxi, and told the driver to wait for him while he went into the party store. Approximately three or four minutes after entering, defendant approached Smith and announced, "This is a holdup". Smith noted that the defendant had his right hand in his pocket, suggesting that he had a gun in his pocket. When defendant approached Smith, he pushed a store employee named Hernandez towards the back of the store. Seeing this, Smith backed away from the defendant and, noticing a neighbor boy entering the store, called out, "Go call the law". With this announcement, the defendant left the store. Smith followed the defendant out of the store and told the taxi driver waiting outside to call the law.

After the selection of the jury, defense counsel presented a motion to sequester the witnesses, which was denied by the trial judge.

Defendant contends that the trial court abused its discretion in refusing to sequester the witnesses.

The general court rules clearly define the matter of discretion:

"The matter of sequestering of witnesses is discretionary with the [trial] court. *People v Burns,* 67 Mich 537; 35 NW 154 (1887); *People v Martin,* 210 Mich 139; 177 NW 193 (1920)." *People v Likely,* 2 Mich App 458, 461; 140 NW2d 529, 530 (1966); *People v Sawicki,* 4 Mich App 467; 145 NW2d 236 (1966).

"The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance

thereof, not the exercise of reason but rather of passion or bias." *Sawicki, supra,* 473, citing *Spalding v Spalding,* 355 Mich 382, 384–385; 94 NW2d 810, 811 (1959).

"[R]equests to sequester should ordinarily be granted. *People v Hall,* 48 Mich 482, 487; 12 NW 665, 667 (1882). However, our cases also hold that sequestration of witnesses is a matter for the discretion of the trial court * * * On the facts in this case, refusal to sequester Dr. Robey, a rebuttal expert witness, was not an abuse of the trial court's discretion." *People v Martin,* 386 Mich 407, 424–425; 192 NW2d 215, 224 (1971).

In *People v Insley,* 36 Mich App 593, 596–597; 194 NW2d 20, 22 (1971), the Court found that:

"the trial judge's denial of defendant's motion to separate did not show any considered judgment whatsoever. It was purely arbitrary and did not consider whether the witnesses should be sequestered. Furthermore, the reason given for not granting the motion—that the trial should be public—is unsupportable. Although a public trial is guaranteed by the Constitution, our Legislature has specifically provided that 'for good cause' witnesses may be excluded. * * * Accordingly, we find the trial court's decision, giving no valid reasons, was an abuse of discretion."

The Court continued by saying, however:

"Although the court's decision was erroneous, it alone does not constitute reversible error. *People v Hall,* 48 Mich 482, 487; 12 NW 665, 667 (1882). Defendant has not shown that the failure to separate the witnesses resulted in such prejudice to his cause that the jury would have reached a different result had the motion been granted. *People v Willie Lee Lewis,* 31 Mich App 433, 438; 188 NW2d 107, 110 (1971). Two of the witnesses testified substantially the same at the preliminary examination as they did at trial. *People v Williams* [6 Mich App 412; 149 NW2d 245 (1967)]. More importantly, there was no major dispute among the prosecution's witnesses concerning the alleged assault, relative to defendant's actual behavior. Accordingly,

this issue alone does not merit a reversal." *Insley, supra,* 597.

The *Insley* decision holds that a two-prong test must be met before a defendant will benefit from this assignment of error. First, it must be shown that the denial was the result of a "seasoned decision" and not arbitrary. Even if it was not such a product, the defendant must show on appeal that the denial prejudicially harmed his case in order to pass from harmless error to prejudicial error.

In denying the motion to sequester, the trial court commented:

"This is a discretionary matter and I have studied over the nature of the case and the list of the witnesses. I can see no reason to exclude the witnesses. I am using my discretion, and have thought it over carefully, and I will deny the motion."

Even though the trial judge failed adequately to explain his reasons for denying the motion to sequester and thus erred, such error does not amount to more than harmless error.

During the robbery, when Smith noticed the neighbor boy entering the store, he told the boy to call the law. This apparently confused the child and he left immediately. This child was neither endorsed by the prosecutor nor produced at trial. Defendant did not object to this failure on the part of the prosecutor, nor was any motion presented to produce this witness until this appeal was brought. The record does not show that the neighbor boy actually witnessed the attempted armed robbery

"All informations shall be filed in the court having jurisdiction of the offense specified therein, after the proper return is filed by the examining magistrate, by

the prosecuting attorney of the county as informant; he shall indorse thereon the names of the witnesses known to him at the time of filing the same. * * * Names of additional witnesses may be indorsed before or during the trial by leave of the court and upon such conditions as the court shall determine." MCLA 767.40; MSA 28.980.

The general rule is evidenced by the statutory provision and has been the basis for attaching to the prosecutor an affirmative duty to comply therewith. *People v Unsworth,* 43 Mich App 741, 743; 204 NW2d 759, 761 (1972). But, even where the prosecutor has failed to comply, this Court has noted that reversal is not always mandated; this is true especially where counsel fails to preserve the issue through an objection or a motion. See *People v Williams,* 42 Mich App 278, 282 note 8; 201 NW2d 286, 288 (1972), and *People v Jackson,* 43 Mich App 569, 572; 204 NW2d 367, 368 (1972). The rule has also been construed to extend only to witnesses known to the prosecutor at the time the information is filed. *People v Robert Robinson,* 30 Mich App 48, 49–50; 186 NW2d 53, 54–55 (1971). In *People v Loggins,* 17 Mich App 388, 389; 169 NW2d 519, 520 (1969), it was stated:

"An examination of the record fails to indicate that defense counsel presented a motion for the indorsement of any witnesses nor at any time objected to the prosecutor's failure to indorse the witnesses. Moreover, there is no indication that the prosecution knew the identity of the witnesses. The duty of the prosecution to indorse witnesses must necessarily be limited to witnesses whose identity is known."

This issue is without substantial merit.

Defendant relied upon the alibi defense as one of his primary defenses. Defense counsel called two witnesses to establish this defense. Their testi-

mony was given significant attention in the closing argument of defense counsel, after which the court gave its instructions. Defense counsel infers that the court's instruction shifted the burden of proof to establish his alibi:

"The defendant in this case claims the defense of what is called 'alibi,' and that is, in simple English, that he was at another place at the time of the commission of the crime charged, and I instruct you that this sort of defense is a proper one, and is as legitimate, *if proven,* as any other defense. You should consider all the evidence bearing on that point and carefully examine it, and if, in view of the evidence, you have any reasonable doubt as to whether the defendant was at some other place at the time the crime was committed, you should give him, the defendant, the benefit of any doubt and find him not guilty. But, ladies and gentlemen of the jury, you are to scrutinize any evidence in relation to it, as an alibi is a defense easy to prove and hard to disprove. Therefore, you should be careful and cautious in examining the evidence in regard to it." (Emphasis added.)

The use of the words by the trial judge "if proven" was unfortunate, in that the jury could erroneously receive the impression that the defendant had the burden of proof. It is clear that, once the alibi is properly noticed and evidence produced to establish it, the court has an affirmative duty to give an adequate instruction explaining the defense. Failure to so properly instruct on the defense of alibi requires reversal. *People v Nawrocki,* 8 Mich App 225, 227; 154 NW2d 45, 46 (1967).

If the alibi defense is accepted by the jury, a defendant cannot be convicted. This does not mean, however, that the burden of proving the defense is upon the defendant; to the contrary, it is the duty of the prosecution to show beyond a

reasonable doubt that the defendant did commit the crime and that, therefore, the defendant was at the scene of the crime at the time it was committed. *Sullivan v People*, 31 Mich 1 (1875); *People v Owens*, 3 Mich App 707, 712; 143 NW2d 574, 576–577 (1966).

An instruction to the jury concerning the defense of alibi must clearly explain that this defense offers two avenues of relief for the defendant. First, if the alibi is established, a perfect defense has been shown and the defendant should accordingly be acquitted. Alternatively and, perhaps, more importantly, the instruction must clearly indicate that if any reasonable doubt exists as to the presence of the defendant at the scene of the crime then, also, the defendant should be acquitted. *People v Virgil Brown*, 15 Mich App 600, 605–606; 167 NW2d 107, 110 (1969); *People v Loudenslager*, 327 Mich 718; 726; 42 NW2d 834, 837 (1950). Equally instructive is the instruction given in *People v Resh*, 107 Mich 251, 254–255; 65 NW 99, 100 (1895):

"One of the defenses interposed by the defendant in this case is what is known in law as an *'alibi,'*—that is, that the defendant was at another place at the time of the commission of the crime; and I instruct you that such a defense is as proper and as legitimate, if proven, as any other. And all the evidence bearing upon that point should be carefully considered by the jury. And if, in view of the evidence, the jury have any reasonable doubt as to whether the defendant was at some other place at the time the crime was committed, they should give the defendant the benefit of any doubt, and find him not guilty. The defendant is not required to prove that defense beyond a reasonable doubt to entitle him to an acquittal. It is sufficient if the evidence upon that point raises a reasonable doubt of his presence at the time and place of the commission of the crime charged."

It is clear that the instruction given by the trial court adequately advised the jury that, should any reasonable doubt exist as to the presence of the defendant at the scene of the crime, he should be acquitted. This announcement by the court adequately protects the rights of the defendant to be proven guilty only after all reasonable doubts have been eliminated from the minds of the jury. Similarly, it has been held that there is no harm in mentioning that the defense is "difficult to disprove". 2 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 658, p 844, note 17.

Viewed in their totality, as instructions must be on review, it appears that the instructions given in the instant case did not erroneously inform the jury, nor was the burden of proof shifted to the defendant. *People v Stephen,* 31 Mich App 604; 188 NW2d 105 (1971).

Finally, defendant assigns as error a statement made by the prosecution in his rebuttal closing argument:

"[I]f I thought a witness would come into court and testify under oath a falsity of any kind, he would never be called as a witness in behalf of the people, never. It is my duty to present the truth and I expect the witnesses that I call to present the truth, and his testimony is that there is no question that the defendant is the man."

Such vouching for the credibility of a witness by a prosecutor may be regarded as unsworn testimony and is impermissible.

The role of the prosecutor is clearly distinguishable from that of other attorneys.

"The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict." *People v Farrar,* 36 Mich App 294, 299, note 5; 193 NW2d 363, 365–366 (1971).

Also to be considered is the prominence of the office which the prosecutor holds and the subsequent weight of statements made by the prosecuting attorney. Statements made by a prosecutor which attest to or vouch for the credibility of certain witnesses are very cautiously reviewed. To hold otherwise would be to ignore the impact of such statements upon a jury, which is heavily influenced by prosecutorial comments; when such comments relate to the credibility of a witness, which is the exclusive province of the jury, prejudice to the defendant readily follows.

Certainly, such a rule does not limit the perimeters of prosecutorial argumentation, as it is clear that the prosecutor "is free to argue that the evidence shows that the defendant is guilty, * * * and he has not only the right but the duty to vigorously argue the people's case". *People v Cowell,* 44 Mich App 623, 628, 629; 205 NW2d 600, 603 (1973). The difference between these two obviously distinct concepts was outlined in the *Cowell* decision:

"The argument that the prosecutor improperly expressed an opinion on the question of guilt is frequently urged on appeal. We emphasize that this question does not turn on whether or not any magic words are used. If the prosecutor says 'I believe' rather than 'the evidence shows', this in and of itself does not constitute reversible error. * * * The question is not whether the jury would conclude that the prosecutor believes that the defendant is guilty, a conclusion they would reach in any event, but rather, whether the prosecutor has attempted to vouch for the defendant's guilt. The prosecutor may not attempt to place the prestige of his office, or that of the police, behind a contention that the defendant is guilty, but he may argue that the evidence shows that the defendant is guilty." *Cowell, supra,* p 628.

Applying these concepts to the statements made by the prosecuting attorney in the instant case suggests that they exceeded the bounds permissible in closing argument. His statement cannot be construed as an attempt to argue guilt based on evidence already introduced at trial. *People v Cowell, supra; People v Poe,* 27 Mich App 422, 429; 183 NW2d 628, 632 (1970). Rather, it must be viewed as it was intended by the prosecutor, an attempt to authenticate and reinforce the veracity of *all* witnesses called by the prosecutor—*because* they were called by the prosecutor. It should be noted that there was no objection raised.

Since an objection is usually a prerequisite for bringing an issue on appeal, this question is dealt with in *People v Humphreys,* 24 Mich App 411, 416; 180 NW2d 328, 330 (1970):

"From a review of these cases, it is apparent that the failure to object is and should be a bar to review only where the goal of objection—a cautionary instruction—in all likelihood would have eliminated the prejudice arising from the prosecutor's remark. Considerations of judicial economy do not outweigh the accused's right to a fair trial."

Such failure does not foreclose this issue on appeal.

Reversed and remanded for a new trial.

All concurred.