PEOPLE v BARBEAUX

OPINION OF THE COURT

1. APPEAL AND ERROR—HARMLESS ERROR—WITNESSES—SEQUESTRA-
   TION OF WITNESSES.

   An abuse of discretion in the denial of a defendant's motion to
   sequester witnesses is harmless error where the denial occurred
   in the second trial of the defendant after the first ended in a
   mistrial, where the second trial is not a duplicate of the first,
   although many of the same witnesses testified at both, and
   where the testimony was substantially identical at both trials.

2. APPEAL AND ERROR—EVIDENCE—RAPE—STATUTORY RAPE—MARI-
   JUANA.

   It is not prejudicial error to admit testimony in a trial for
   statutory rape concerning the sale and use of marijuana by the
   defendant where such testimony did not assist any juror in the
   formation of a guilty verdict, and where such testimony was
   brought out first by the defense and later on re-direct by the
   prosecution and then admitted solely for its probative value as
   part of the res gestae.

3. APPEAL AND ERROR—WAIVER—INSTRUCTIONS TO JURY—CAUTIONARY
   INSTRUCTIONS.

   The failure to request a cautionary instruction where one should
   have been given results in a waiver where there is no absolute
   requirement that such a cautionary instruction must be given.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 808.
[2] 5 Am Jur 2d, Appeal and Error § 797.
   65 Am Jur 2d, Rape § 116.
[3] 75 Am Jur 2d, Trial § 682.
   Duty of court in criminal prosecution for sexual offense to give
   cautionary instruction to effect that such a charge is easily made
   and difficult to disprove. 130 ALR 1489.
[4] 5 Am Jur 2d, Appeal and Error § 776.
[5] 29 Am Jur 2d, Evidence § 320.
   Admissibility in criminal case of evidence relevant to the crime
   charged, as affected by incidental disclosure of another crime by
   defendant. 170 ALR 306.

4. Appeal and Error—Criminal Law—Jury—Harmless Error.

   *An error is not harmless if it is reasonably possible that in a trial free of the error one juror might have voted to acquit the defendant.*

5. Evidence—Criminal Law—Pot Parties—Sale of Marijuana—Statutory Rape—Offenses Not Charged.

   *References to pot parties and the sale of marijuana to minors by the defendant should be excluded in a trial for statutory rape where the defendant is not also charged with and tried for the controlled substance violations or contributing to the delinquency of a minor.*

Appeal from Delta, Clair J. Hoehn, J. Submitted October 13, 1976, at Marquette. (Docket No. 24823.) Decided January 17, 1977.

Larry G. Barbeaux was convicted of committing statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Tony I. Marcinkewciz,* Prosecuting Attorney, and *Mark I. Leach,* Assistant Attorney General, for the people.

*Stephen T. Davis,* for defendant.

Before: M. J. Kelly, P. J., and J. H. Gillis and W. P. Hampton,* JJ.

J. H. Gillis, J. On April 30, 1975, defendant was convicted of committing statutory rape, MCLA 750.520; MSA 28.788, which has been repealed. This was the second trial for this offense, the first one resulting in a mistrial. Following sentence, defendant appeals as of right raising two issues for our consideration.

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant claims, and we agree, that the trial judge abused his discretion in denying defendant's motion to sequester witnesses. *People v Insley,* 36 Mich App 593; 194 NW2d 20 (1971). However, after a thorough reading of the entire transcript, we find this error to be harmless. *People v Erb,* 48 Mich App 622; 211 NW2d 51 (1973).

Although the second trial was not a duplicate of the first, many of the witnesses testified at both trials, including one of the two girls alluded to in the dissenting opinion, and the testimony is substantially identical. *People v Williams,* 6 Mich App 412; 149 NW2d 245 (1967).

Defendant's second claim of error is that certain testimony concerning the selling of marijuana by defendant and "pot parties" held in defendant's home resulted in prejudicial error. We are of the opinion that this testimony did not assist any juror in the formation of a guilty verdict. *People v Swan,* 56 Mich App 22, 33; 223 NW2d 346 (1974), *lv den,* 395 Mich 810 (1975). In any event, it is clear from the record that the testimony regarding "parties" was brought out by the defense and that the prosecutor merely asked several more permissible questions on re-direct. See *People v Wright,* 41 Mich App 518; 200 NW2d 362 (1972). The probative value of the testimony was merely part of the res gestae of the crime and was admitted solely to assure the jury that all of the pertinent information and evidence was before the jury so that they could comprehend the entire picture as one continuing operation. *People v Nawrocki,* 376 Mich 252; 136 NW2d 922 (1965). Although the trial judge should have given a cautionary instruction in his final instructions as to both the "pot parties" and sale of marijuana, one was not requested by the defendant's counsel. There being no absolute requirement that such a limiting instruction

be given, the failure to so request results in a waiver.

Affirmed.

W. P. HAMPTON, J., concurred.

M. J. KELLY, P. J. *(dissenting)*. I agree with the majority that the trial judge abused his discretion in denying defendant's motion to sequester the witnesses. *People v Insley,* 36 Mich App 593; 194 NW2d 20 (1971). However, I disagree with the majority's finding of harmless error.

The justifications advanced for holding an abuse of discretion by the trial judge to sequester witnesses to be harmless er⸱or have been that the witnesses involved testified substantially the same at the preliminary examination as they did at trial, *People v Williams,* 6 Mich App 412; 149 NW2d 245 (1967); or that there was no major dispute among the prosecution's witnesses concerning the alleged crime, relative to defendant's behavior. *People v Insley, supra.*

In the present case the defense was alibi. One of the two key prosecution witnesses, 14-year-old girls, did not testify in the previous trial that was declared a mistrial, nor did both witnesses testify at the preliminary examination. The credibility of these witnesses was the crux of defendant's case. Although there was no major dispute in the testimony among the prosecution's witnesses, there were discrepancies. The trial court's failure to exclude the witnesses created the opportunity, at least arguably, for the witnesses to bolster each other's testimony. To require a showing by defendant that the failure to sequester the witnesses resulted in such prejudice that the jury would have reached a different result as suggested by

*Insley, supra,* is impossible.[1] Rather, the better approach is that an error is not harmless if it is reasonably possible that in a trial free of the error complained of, one juror might have voted to acquit the defendant. See *People v Christensen,* 64 Mich App 23, 32–33; 235 NW2d 50, 55 (1975). Under the circumstances of the present case, I cannot say that the trial judge's error was harmless beyond a reasonable doubt. See *People v Robinson,* 386 Mich 551, 562–563; 194 NW2d 709 (1972).

Also, if this case were to be retried I would instruct the trial judge to exclude the references to pot parties and sale of marijuana unless the defendant is charged with and tried for controlled substance violations or contributing to the delinquency of minors.

I would reverse defendant's conviction.

---

[1] A panel of this Court has recently addressed this issue also by split decision, *People v Cutler,* 73 Mich App 313; 251 NW2d 303 (1977).