PEOPLE v HENSON

Docket No. 77-1601. Submitted June 13, 1978, at Detroit.—Decided November 28, 1978.

Jarrell Henson was convicted of possession of heroin with intent to deliver, Recorder's Court of Detroit, Michael J. Connor, J. Defendant appeals, claiming (1) that it was reversible error to permit evidence of unproven criminal activity, other than the crime with which the defendant was charged, allegedly involving a third party and the defendant to be placed before the jury, and (2) the prosecutor's remarks in closing argument were prejudicial. *Held:*

1. Evidence of defendant's involvement with the third party was admissible as part of the res gestae of the crime charged.

2. Any error in the prosecutor's closing argument was cured by timely court instructions to the jury.

Affirmed.

N. J. KAUFMAN, P.J., dissented. He would hold that a prosecutor's remarks should not appeal to the civic duty of a jury to convict a defendant or express his opinion as to a defendant's guilt; a new trial is required where the prosecutor's improper argument was not cured by proper instructions to the jury.

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—RES GESTAE—ADMISSIBILITY.

Generally, evidence of unproven criminal activity, other than

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 320 *et seq.,* 708, 713, 715.

[2] 75 Am Jur 2d, Trial §§ 317, 708.

Propriety and prejudicial effect of prosecuting attorney's arguing new matter or points in his closing summation in criminal case. 26 ALR3d 1409.

[3] 75 Am Jur 2d, Trial §§ 225-234, 317, 708.

Guilt of accused, propriety and effect of prosecuting attorney's argument to jury indicating his belief of knowledge as to. 50 ALR2d 978.

Propriety and prejudicial effect of prosecutor's argument to jury indicating his belief or knowledge as to guilt of accused—modern cases. 88 ALR3d 449.

that with which a defendant is charged, involving the defendant and a third party, may not be placed before a jury; however, there may be an exception to this rule where the defendant's actions in the alleged criminal activity are part of the res gestae of the crime charged.

2. CRIMINAL LAW—PROSECUTORS—CLOSING ARGUMENT—PREJUDICIAL ERROR—JURY INSTRUCTIONS.

Error in a prosecutor's closing argument may be cured by a timely instruction of the court.

DISSENT BY N. J. KAUFMAN, P.J.

3. CRIMINAL LAW—PROSECUTOR'S REMARKS—JURY—CIVIC DUTY TO CONVICT—IMPROPER ARGUMENT—CURE BY INSTRUCTIONS—PREJUDICE.

Prosecutorial remarks which appeal to the civic duty of a jury to convict a defendant and which express his opinion of a defendant's guilt are improper; a new trial is required where the prejudice to a defendant, created by the prosecutor's improper argument, was not cured by the court's jury instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and BEASLEY and P. R. MAHINSKE,* JJ.

PER CURIAM. Jarrell Henson was convicted of possession of heroin with intent to deliver, in violation of MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and sentenced to not more than 40 nor less than 10 years imprisonment. He appeals as of right.

An examination of the record and briefs dis-

* Circuit judge, sitting on the Court of Appeals by assignment.

closes no prejudicial error. The testimony of which defendant complains was properly admitted as part of the res gestae. *People v Savage,* 225 Mich 84, 86; 195 NW 669 (1923), *People v Scott,* 61 Mich App 91; 232 NW2d 315 (1975). Any error in the closing argument was cured by a timely instruction. *People v Hall,* 396 Mich 650, 656; 242 NW2d 377 (1976), *People v Castaneda,* 81 Mich App 453, 462; 265 NW2d 367 (1978).

Affirmed.

N. J. KAUFMAN, P.J. *(dissenting).* I respectfully dissent.

The defendant contends that the remarks of the prosecutor were improper because they appealed to the civic duty of the jury to convict the defendant and expressed the prosecutor's opinion of the defendant's guilt without reference to evidence.

Specifically, the defendant complains of three remarks:

1) " * * * I think the suggestion has been made about well, I think the observation should be made that when considering the intent in this case you got to remember who had the money. It wasn't Mr. Wilson, it was Mr. Henson and dope dealers don't sell heroin for free."

2) "Ladies and gentlemen, this is your community. They are your streets. They do not belong to the dope peddlar [sic]. They do not belong to the people who sell poison."

3) "If you are unconvinced as to whether the elements of intent has [sic] been proven in this case, but you are convinced that Mr. Henson possessed heroin at one time that evening, that he had the three packets of heroin, then it is your duty to find him guilty of possession of heroin. I would suggest, ladies and gentlemen, that if you find him guilty of simple possession of heroin, you will be doing Mr. Henson a favor."

Immediately after the second complained-of statement, the defendant objected and the court

sustained that objection. The court ordered the remark to be disregarded.

The trial court in upholding the objection stated:

"THE COURT: Well, this is argument. I allow a great deal of leeway on that. That comment may have been primarily appealing to the emotions. Of course counsel can do that in argument. All right, I will strike that, tell the jury to disregard it."

While the court's instructions cured any prejudice as far as the first and third remarks, *supra,* are concerned, the mere statement "All right, I will strike that, tell the jury to disregard it" certainly was not enough to cure the error as to the second remark. *People v Gloria Williams,* 65 Mich App 753; 238 NW2d 186 (1975), *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971).[1] I am not unmindful of the Supreme Court's decision in *People v Hall,* 396 Mich 650, 656–657; 242 NW2d 377 (1976). However, in *Hall* there was no objection and the majority opinion stated:

"Whether or not in total context this language is improper, we cannot agree with defendant that *appropriate cautionary instructions given on request* would not have cured any error. Indeed, the trial court gave the following agreed-upon and appropriate instruction:

" '[A]rguments of counsel are not evidence in the case and should not be construed by you [the jury] as such. The purpose of arguments of counsel is to assist you in coordinating, summarizing and drawing conclusions from what testimony and evidence you have heard.' " (Emphasis added.)

I would reverse and remand for a new trial.

---

[1] " 'The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.' " 36 Mich App at 299, (footnote omitted), quoting ABA Project on Standards for Criminal Justice, The Prosecution Function, Std. 5.8(d).