PEOPLE v STARR

Docket No. 77-3457. Submitted November 21, 1978, at Detroit.—Decided April 2, 1979.

Steven D. Starr was convicted of third-degree criminal sexual conduct, Lapeer Circuit Court, Martin E. Clements, J. Defendant appeals, alleging that the trial court erred when it determined that the prosecution had exercised due diligence in attempting to secure the presence at trial of a witness and in the subsequent admission into evidence of that witness's preliminary examination testimony. *Held:*

1. The record indicates that several steps which the prosecution could have taken to develop leads as to the witness's whereabouts were not pursued. The prosecution, therefore, did not exercise due diligence in its attempts to secure the witness. The trial court abused its discretion in determining that due diligence had been exercised and erred in admitting the preliminary examination testimony.

2. The Court suggests that trial judges should require prosecutors to recite on the record all efforts made to reach missing witnesses before admitting preliminary examination testimony into evidence.

Reversed and remanded for a hearing to determine whether the defendant was prejudiced by the prosecutor's failure to exercise due diligence.

T. GILLESPIE, J., dissented. He would hold that the trial court did not clearly abuse its discretion in finding due diligence on the part of the prosecution. He concurs in the suggestion that more complete records be made of prosecution efforts to locate missing witnesses.

---

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5, 7] 21 Am Jur 2d, Criminal Law § 343.
   63 Am Jur 2d, Prosecuting Attorneys § 27.
   81 Am Jur 2d, Witnesses § 2.
[4] 5 Am Jur 2d, Appeal and Error § 783.
[6] 5 Am Jur 2d, Appeal and Error § 774.

OPINION OF THE COURT

1. WITNESSES — CRIMINAL LAW — PRELIMINARY TESTIMONY — STATUTES.

    Testimony of a witness taken at an examination or preliminary hearing may be used by a prosecutor where the witness cannot, for any reason, be produced at trial; however, the absence of a witness from trial is not excused where that absence results from the prosecution's lack of good faith efforts or failure to exercise due diligence in attempting to secure the witness's presence (MCL 768.26; MSA 28.1049).

2. WITNESSES — CRIMINAL LAW — PROSECUTORS — DUE DILIGENCE — APPEAL AND ERROR.

    The determination of whether a prosecutor has exercised due diligence in attempting to secure a witness for trial is a matter for the trial court, and that determination will not be overturned on appeal unless a clear abuse of discretion is shown.

3. WITNESSES — CRIMINAL LAW — PROSECUTORS — DUE DILIGENCE.

    Due diligence on the part of a prosecutor attempting to secure the presence of a witness at trial requires devoted and painstaking application to accomplish the undertaking, and encompasses not only efforts to pursue specific leads, but also those endeavors reasonably likely to produce them.

4. WITNESSES — CRIMINAL LAW — PROSECUTORS — DUE DILIGENCE — PREJUDICE — REMAND.

    A defendant is to be presumed to have been prejudiced by the prosecution's failure to exercise due diligence in attempting to secure a witness for trial until it is established that he was not prejudiced; where a trial court erroneously found due diligence, the case should be remanded for a hearing for determination of whether the defendant was prejudiced.

DISSENT BY T. GILLESPIE, J.

5. WITNESSES — CRIMINAL LAW — PROSECUTORS — DUE DILIGENCE — APPEAL AND ERROR.

    *The question of whether the prosecution has exercised due diligence in attempting to secure a witness for trial is for the trial court to determine, and a finding of due diligence will not be overturned on appeal unless a clear abuse of discretion is shown.*

6. JUDGES — DISCRETION — ABUSE OF DISCRETION.

    *An abuse of discretion on the part of a trial court should not be found unless the trial court's decision is so palpably and grossly violative of fact and logic that it evidences not the exercise of*

*will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.*

7. Witnesses — Criminal Law — Prosecutors — Due Diligence — Discretion.

A trial court did not clearly abuse its discretion in determining that the prosecution had exercised due diligence in attempting to secure the presence of a witness at trial where the record shows that the prosecution dutifully sought leads as to the witness's whereabouts and conscientiously pursued the leads it had.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Earl H. Morgan, Jr.,* Prosecuting Attorney, for the people.

*Preisel & Penzien,* for defendant.

Before: D. C. Riley, P.J., and Bronson and T. Gillespie,* JJ.

D. C. Riley, P.J. Defendant was convicted of third-degree criminal sexual conduct, MCL 750.520d(1)(b); MSA 28.788(4)(1)(b), on July 8, 1977. He was sentenced to 5 to 15 years in prison and appeals by right.

The people introduced the testimony of three witnesses at defendant's trial. The complainant, an 18-year-old male, and the owner of the residence where the incident occurred, both testified from the witness stand. The preliminary examination testimony of a third witness, Anthony Grondin, who had witnessed and participated in the incident giving rise to the charge, was read to the jury after the court ruled that the people had made a diligent effort to produce him at trial.

Defendant contends that the trial judge erred in finding that the people had exercised due diligence

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to secure the appearance of the res gestae witness, and argues that the admission of Grondin's prior testimony into evidence therefore constituted reversible error.

At the trial which began on July 6, 1977, the prosecutor indicated that three separate attempts to serve Grondin with a subpoena were unsuccessful. Those attempts were made on June 20, 21, and 29, 1977. During the last attempt, the officers learned that Grondin was "out of the state, out-of-town on vacation, that his location was unknown". On July 5, 1977, the day before trial, the prosecutor called someone who identified herself as Grondin's mother. She stated that "he is out-of-town, his whereabouts are unknown" and that she "didn't know * * * when he would be coming back".

Testimony taken at an examination or preliminary hearing may be used by the prosecutor whenever the witness who gave the testimony cannot, for any reason, be produced at trial. MCL 768.26; MSA 28.1049. However, this statute gives way to the defendant's constitutional right of confrontation where a witness's absence from trial stems from the prosecution's lack of good faith efforts or failure to exercise due diligence in attempting to secure his presence. *Barber v Page,* 390 US 719; 88 S Ct 1318; 20 L Ed 2d 255 (1968), *People v McIntosh,* 389 Mich 82; 204 NW2d 135 (1973), *People v Nieto,* 33 Mich App 535; 190 NW2d 579 (1971), *lv den* 385 Mich 771 (1971). The determination of due diligence is a matter for the trial court, and that determination will not be overturned on appeal unless a clear abuse of discretion is shown. *People v Casteneda,* 81 Mich App 453, 460; 265 NW2d 367 (1978), *People v Baldwin,* 74 Mich App 700, 704; 254 NW2d 619 (1977).

Due diligence requires devoted and painstaking application to accomplish an undertaking. *People v Johnson,* 51 Mich App 224, 231; 214 NW2d 713 (1974). Where there are no leads as to a witness's whereabouts, the prosecutor should inquire of known persons who might reasonably be expected to have information that would help locate the witness. Where there are specific leads as to a witness's location, the prosecutor must check them out. See *McIntosh, supra, People v Hunter,* 48 Mich App 497; 210 NW2d 884 (1973), *lv den* 390 Mich 805 (1973). Due diligence circumscribes not only efforts to pursue specific leads, but also those endeavors reasonably likely to produce them.

Here the prosecution followed the leads it had and came up empty. However, other steps were clearly feasible. Complainant was able to name five other individuals who were present on the night of the alleged incident, one of whom testified at trial, and one of whom was identified as Grondin's girl friend. Surely some inquiry could have been made of these individuals, but none appears in the record. Further, the complainant had heard a rumor about Grondin's whereabouts. A casual remark by defense counsel also suggests that some of the officers where defendant was incarcerated were well-acquainted with the movement of people in the Dryden area, the home of all the principals. Pursuing these potential sources of information would not have been excessively burdensome in this case. Whether such inquiries would have been fruitful is immaterial. "The fact that an attempt may prove unsuccessful does not justify the prosecution's failure to make that attempt." *People v McIntosh, supra* at 87.

We therefore conclude that the lower court abused its discretion in finding due diligence, see

*People v Hunter, supra,* and remand this case for a hearing in accordance with the procedures outlined in *People v Pearson,* 404 Mich 698; 273 NW2d 856 (1979), as to whether defendant was prejudiced by the prosecution's failure to exercise due diligence. Defendant shall be presumed prejudiced until the contrary is established. If the prosecution can show that the missing testimony consisted of cumulative testimony or that its absence constituted harmless error, or that the res gestae witness could not have been produced at trial, the burden of overcoming the presumption will have been met and the conviction affirmed. However, a failure to do so shall result in a new trial.

In conclusion, we note that many due diligence issues are appealed when the court does not make a full record of all the efforts which have been made to bring a witness to trial. In light of *Barber v Page, supra,* a trial judge cannot rely on the belief that he has absolute discretion in such matters. Before admitting preliminary examination testimony into evidence under MCL 768.26; MSA 28.1049, a trial judge should require the prosecutor to recite on the record all efforts made to reach the missing witnesses. Such a procedure will not only aid in a trial judge's efforts to make a sound discretionary choice, but prevent uninformed second guessing on the part of appellate courts.

Reversed and remanded.

BRONSON, J., concurred.

T. GILLESPIE, J. *(dissenting).* I respectfully dissent. The charge in this case involved a series of indignities which the defendant and Mr. Grondin inflicted upon the complainant. The defendant and Mr. Grondin forced the complainant to perform

fellatio, shaved his head, used a hemostat to pull hairs from complainant's nose and eyebrows, and flushed his head in the toilet. There were also indications that the defendant threatened at least one witness in this case. Defendant was convicted by a Lapeer County jury and I would affirm their verdict.

It is certainly true that due diligence requires devoted and painstaking application to accomplish an undertaking, that a prosecutor should seek out reasonable leads, and that a prosecutor must pursue the leads he has. But whether the prosecution has complied with these requirements is a matter for *trial court* determination, and a trial judge's finding of due diligence will not be overturned on appeal unless a *clear abuse* of discretion is shown. *People v Casteneda,* 81 Mich App 453, 460; 265 NW2d 367 (1978), *People v Baldwin,* 74 Mich App 700, 704; 254 NW2d 619 (1977).

"The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), *People v Erb,* 48 Mich App 622, 625-626; 211 NW2d 51 (1973).

In the present case, the prosecution dutifully sought leads and conscientiously pursued the leads it had. Additionally, the facts here parallel those in *People v Stanford,* 68 Mich App 168, 172-173; 242 NW2d 56 (1976), where this Court found no abuse of discretion in the trial court's determination of due diligence. See also *People v Blacksmith,*

66 Mich App 216, 219-221; 238 NW2d 810 (1975), *lv den* 396 Mich 838 (1976). Consequently, I can find no clear abuse of discretion in our case. And, since the trial judge did not abuse his discretion in finding due diligence on the part of the prosecutor, he did not err in admitting Mr. Grondin's preliminary examination testimony into the trial as evidence.

The majority also encourage trial courts to make complete records in these matters. I concur in that suggestion. And I specifically encourage prosecutors to recite efforts made to see, call, or write friends, neighbors, relatives, employers and associates of the witness, contacts made with police, and information sought through credit bureaus, morgues and records of probation and correction departments. If 10 additional minutes at trial will prevent appeals, remands, reversals and new trials in cases such as the present, we must make the investment.